UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ROY L. SNELL, JR.,

        Petitioner,   Case No. 1:22-cv-68

v.   Honorable Janet T. Neff

UNKNOWN PART(Y)(IES),

        Respondent.
_____/

## **OPINION**

      Petitioner Roy L. Snell, Jr., indicates that he is a pretrial detainee waiting for trial on criminal charges in Newaygo County Circuit Court case number 2020-0012411-FC. He is detained in the Newaygo County Jail in White Cloud, Michigan. Petitioner did not file his claims on the court-approved habeas corpus petition form or the court-approved form for civil rights cases under 42 U.S.C. § 1983. Instead, he filed an initial stream of consciousness narrative in letter form (ECF No. 1) much of which he repeats in a supplement (ECF No. 5.). Although the documents that Petitioner filed are not a model of clarity, it is apparent that Petitioner is challenging his present detention for several reasons, including the following: because there is no evidence indicating he committed the crime with which he is charged, the judge is biased against him, he has been subjected to unreasonable searches and seizures, he has been denied his right to a speedy trial, he has been denied counsel, the jail is not equipped to handle his medical conditions and illnesses, and he cannot get a fair trial in Newaygo County because of his race and because everyone knows everyone else.

The Court construes Petitioner's submissions as, primarily, a claim that he is unconstitutionally detained and should be released.[1] Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[2] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner is charged with first-degree murder and use of a firearm during the commission of a felony. *See* https://micourt.courts.michigan.gov/CaseSearch/Terms?ReturnUrl =%2FCaseSearch%2FCourt%2FC27~1 (Search "Roy Snell," select "Case ID" 2020-0000012411-FC) (last visited Jan. 27, 2022). According to the Newaygo County Circuit Court, the "offense date" is August 10, 1983. *Id*. Petitioner contends he is unjustly detained pending trial for all of the reasons stated above.

---

[1] There are circumstances where a challenge like Petitioner's is focused on the charges, rather than the detention. *See, e.g.*, *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020); *Lapine v. Chapman*, No. 20-1509, 2020 WL 7048667, at *2 (6th Cir. Oct. 27, 2020). In Petitioner's case, however, it appears his present detention is based solely on orders entered in the pending criminal proceeding—not a parole revocation or other prior judgment of conviction. Accordingly, the case is properly considered under 28 U.S.C. § 2241. If the case challenged the charges under 42 U.S.C. § 1983, Petitioner might not be subject to the exhaustion requirement; but he would have to overcome the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine. *Lapine*, 2020 WL 7048667, at *1–*2.

[2] The Rules Governing § 2254 cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

**II.      Exhaustion of State Court Remedies**

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief—"unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)—does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858

3

F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention specifically mention that he is being denied the right to a speedy trial and that his prosecution violates the protections provided by the Double Jeopardy Clause.

Even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Newaygo County Circuit Court—for the constitutional violations he alleges. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute. If his motion is denied initially, Petitioner must pursue available appeals of that decision. Relief under § 2241 is not available until after Petitioner has pursued his state court remedies.

### III.   Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing

of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.


Dated: February 8, 2022 /s/ Janet T. Neff
                                                                                                       Janet T. Neff
                                                                                                       United States District Judge